UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-80922-CIV-MIDDLEBROOKS/JOHNSON

GUY DORCINVIL, AND ALL SIMILARLY
SITUATION INDIVIDUALS,

       Plaintiff(s),

vs.

MAR-A-LAGO CLUB, LLC, A FOREIGN
PROFIT CORPORATION, MAR-A-LAGO
CLUB, L.L.C., L.C., A FOREIGN LIMITED
LIABILITY COMPANY; THE TRUMP
ORGANIZATION, INC., A DOMESTIC
BUSINESS CORPORATION; AND TRUMP
ORGANIZATION LLC, A DOEMSTIC
LIMITED LIABILITY
COMPANY,

       Defendant(s).
_____/

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant, MAR-A-LAGO CLUB, L.L.C., L.C., a foreign limited liability company (hereinafter "Mar-A-Lago"), by and through its undersigned counsel, hereby responds to the Complaint, as follows:

1.    Defendant, Mar-A-Lago, admits the allegations contained in Paragraph 1 for jurisdictional purposes only, however denies the plaintiff's any entitlement to any unpaid back wages and additional equal amount as liquidated damages and reasonable attorney's fees and costs.

DORCINVIL v. MAR-A-LAGO, L.L.C., L.C.
CASE NO. 07-80922-CIV
Page 2

2.     Defendant, Mar-A-Lago, admits the allegations contained in Paragraph 2 for jurisdictional purposes only.

3.     Defendant, Mar-A-Lago, admits the allegations contained in Paragraph 3.

4.     Pursuant to stipulation of the parties, Mar-A-Lago Club, LLC, will be dismissed as a party to this action and therefore no response is required. To the extent that a response is required, the allegations in Paragraph 4 are hereby denied.

5.     Defendant, Mar-A-Lago, admits the allegations contained in Paragraph 5.

6.     Pursuant to stipulation of the parties, The Trump Organization, Inc., will be dismissed as a party to this action and therefore no response is required. To the extent that a response is required, the allegations in Paragraph 6 are hereby denied.

7.     Pursuant to stipulation of the parties, Trump Organization, LLC, will be dismissed as a party to this action and therefore no response is required. To the extent that a response is required, the allegations in Paragraph 4 are hereby denied.

8.     Defendant, Mar-A-Lago, denies the allegations contained in Paragraph 8 and demands strict proof thereof.

9.     Defendant, Mar-A-Lago, admits the allegations contained in Paragraph 9.

10.    Defendant, Mar-A-Lago, admits the allegations contained in Paragraph 10.

11.    Defendant, Mar-A-Lago, admits the allegations contained in Paragraph 11.

12.    Defendant, Mar-A-Lago, denies the allegations contained in Paragraph 12 and demands strict proof thereof that Mar-A-Lago is "an enterprise engaged in commerce". However,

DORCINVIL v. MAR-A-LAGO, L.L.C., L.C.
CASE NO. 07-80922-CIV
Page 3

paragraph 12 is admitted to the extent that its gross revenues are in excess of $500,000 per annum during the relevant time period.

13. Defendant, Mar-A-Lago, denies the allegations contained in Paragraph 13 and demands strict proof thereof.

14. Defendant, Mar-A-Lago, admits the allegations contained in Paragraph 14.

15. Defendant, Mar-A-Lago, admits the allegations contained in Paragraph 15 for jurisdictional purposes only.

16. Defendant, Mar-A-Lago, admits contained in Paragraph 16 to the extent that the Plaintiff was hired by Mar-A-Lago on or about October 6, 2004. At all times material hereto, the Plaintiff was employed as the Assistant Chief Steward, a bonafide executive, administrative, managerial or professional capacity position within a customarily recognized apartment of Mar-A-Lago, the Food and Beverage Department.

17. Admitted the allegations in Paragraph 17 to the extent that from time to time, and particularly during the Florida winter "season" the Plaintiff, an employee exempt from the F.L.S.A., worked in excess of 40 hours per week, but at other times "off season" the Plaintiff worked less than 40 hours per week.

18. Defendant, Mar-A-Lago, denies the allegations contained in Paragraph 18 and demands strict proof thereof.

19. Defendant, Mar-A-Lago, admits the allegations contained in Paragraph 19.

20. Defendant, Mar-A-Lago, admits the allegations contained Paragraphs 20A, 20B and

DORCINVIL v. MAR-A-LAGO, L.L.C., L.C.
CASE NO. 07-80922-CIV
Page 4

20C. Defendant, Mar-A-Lago, has complied with the Fair Labor Standards Act and has appropriately compensated the Plaintiff, who was at all material times an executive, administrative, managerial or professional level employee exempt from the Fair Labor Standards Act.

21. Defendant, Mar-A-Lago, denies the allegations contained in Paragraph 21 and demands strict proof thereof.

22. Please see answers to Paragraphs 1 through 21 above as though fully set forth herein.

23. Defendant, Mar-A-Lago, denies the allegations contained in Paragraph 23 and demands strict proof thereof.

24. Defendant, Mar-A-Lago, denies the allegations contained in Paragraph 24 and demands strict proof thereof.

25. Defendant, Mar-A-Lago, denies the allegations contained in Paragraph 25 and demands strict proof thereof.

26. Defendant, Mar-A-Lago, denies the allegations contained in Paragraph 26 and demands strict proof thereof.

27. Defendant, Mar-A-Lago, denies the allegations contained in Paragraph 27 and demands strict proof thereof.

28. Defendant, Mar-A-Lago, denies the allegations contained in Paragraph 28 and demands strict proof thereof.

29. Defendant, Mar-A-Lago, denies the allegations contained in Paragraph 29 and demands strict proof thereof.

DORCINVIL v. MAR-A-LAGO, L.L.C., L.C.
CASE NO. 07-80922-CIV
Page 5

## MOTION TO DISMISS COUNT II
## OR FOR MORE DEFINITE STATEMENT

Defendant, MAR-A-LAGO CLUB, L.L.C., L.C., by and through its undersigned counsel and pursuant to Federal Rules of Civil Procedure §12(b) and 12(e) hereby moves to dismiss Count II of the Plaintiff's Complaint, and as grounds therefore states:

30. Plaintiff seeks to allege a claim for overtime compensation based upon a statutory collective action.

31. Count II of the Complaint fails to identify any particular employee of the Defendant to whom this count might apply and therefor, fails to state a cause of action upon which relief may be granted.

32. Count II of the Plaintiff's Complaint fails to comply with the terms of 29 U.S.C.A. §216(b) which states "[n]o employee shall be party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which the action is brought." Plaintiff has failed to allege that any past or present employee of the Defendant has consented to become a Plaintiff to this action. Further, the Plaintiff has failed to file any such written consent with this Court. Therefore, Count II of the Complaint should be dismissed for failure to of a condition precedent.

33. Count II of the Plaintiff's Complaint fails to identify any Plaintiff, category of potential plaintiff employees, or even what type of work the employees he refers to in Count II engaged in. Therefore, Count II of the Complaint is so vague and ambiguous that the Defendant

DORCINVIL v. MAR-A-LAGO, L.L.C., L.C.
CASE NO. 07-80922-CIV
Page 6

cannot reasonably be required to frame a responsive pleading and seeks a more definite statement regarding the allegations of Count II of the Complaint.

34. To the extent that any responsive pleading to Count II of the Complaint is required, the Defendant requests and extension of time to respond to the allegations of Count II (Paragraphs 30 through 38), until such time as the Court rules upon the Motion set forth herein.

WHEREFORE, Defendant, Mar-A-Lago Club, L.L.C., L.C., requests that this Court Dismiss Count II in its entirety or otherwise Order the Plaintiff to provide a more definite statement with regard to the allegations thereto such that sufficient facts will be alleged which will enable this Defendant to frame a responsive pleading, or alternatively Grant the Defendant additional time within which to respond to the allegations of Count II.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

35. The Defendant affirmatively alleges that the Plaintiff has been paid all wages and salary due by virtue of his employment with this Defendant.

### SECOND AFFIRMATIVE DEFENSE

36. The Plaintiff's cause of action is, in part, barred by a two-year statute of limitations under the Fair Labor Standards Act.

### THIRD AFFIRMATIVE DEFENSE

37. At all times material, the Plaintiff was compensated on a salary basis at a rate of not

DORCINVIL v. MAR-A-LAGO, L.L.C., L.C.
CASE NO. 07-80922-CIV
Page 7

less than $455 per week and his primary duty was management of the Defendant's business of the Food and Beverage Department, a customarily recognized department or subdivision of the Defendant. Additionally the Plaintiff customarily and regularly directed the work of two or more other full-time employees (or their equivalent). The Plaintiff had the ability to make suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees and his recommendations and suggestions were given great weight.

## FOURTH AFFIRMATIVE DEFENSE

38. At all times material, the Plaintiff was compensated on a salary of not less than $455 per week. His primary job duty was the performance of non-manual work directly related to the management or general business operations of the Defendant and/or the Defendant's customers. The Plaintiff's primary duty included the exercise of discretion and independent judgment with respect to matters of significance.

## FIFTH AFFIRMATIVE DEFENSE

39. At all times material, the Plaintiff was hired and employed as the Assistant Chief Steward and the performance of his work directly related to the management or general business operation of the food and beverage department of the Defendant. The Plaintiff performed work directly related to assisting with the running or servicing of the Food and Beverage Department and had supervisor responsibilities for more than two full-time employees, or their equivalent.

## SIXTH AFFIRMATIVE DEFENSE

40. At all times material, the Plaintiff, as the Assistant Chief Steward of the Defendant

DORCINVIL v. MAR-A-LAGO, L.L.C., L.C.
CASE NO. 07-80922-CIV
Page 8

exercised discretion and independent judgment with respect to matters of significance to the operation and management of the Food and Beverage Department.

### SEVENTH AFFIRMATIVE DEFENSE

41.  At all times material, the Plaintiff was exempt from the Fair Labor Standards Act pursuant to the terms of 29 U.S.C.A. §213(a)(1).

### EIGHTH AFFIRMATIVE DEFENSE

42.  At all times material, the Plaintiff earned significantly higher wages than those of the employees he supervised.

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail to Alan M. Aronson, Esq., Rosenthal & Levy, P.A., 1645 Palm Beach Lakes Blvd. Suite #350, West Palm Beach, FL 33401 on this _____ day of November, 2007.

>SELLARS, MARION & BACHI, P.A.
>Attorneys for Defendant,
>MAR-A-LAGO CLUB, L.L.C., L.C.
>811 North Olive Avenue
>West Palm Beach, FL 33401
>Telephone: (561) 655-8111
>Facsimile: (561) 655-4994
>
>By: _____/S/_____
>     STEVEN J. CLARFIELD
>     Florida Bar No.: 0892610