000678.00022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 07-80922-CIV-MIDDLEBROOKS/JOHNSON

GUY DORCINVIL, AND ALL SIMILARLY
SITUATION INDIVIDUALS,

     Plaintiff,

vs.

MAR-A-LAGO CLUB, LLC, A FOREIGN
PROFIT CORPORATION
MAR-A-LAGO CLUB, L.L.C., L.C., A
FOREIGN LIMITED
LIABILITY COMPANY; THE TRUMP
ORGANIZATION, INC.,
A DOMESTIC BUSINESS
CORPORATION; AND TRUMP
ORGANIZATION LLC, A DOMESTIC
LIMITED LIABILITY
COMPANY,

     Defendants.

_____/

**DEFENDANTS' MOTION FOR PROTECTIVE ORDER AND
FOR ENLARGEMENT OF TIME TO COMPLETE DISCOVERY AND
INCORPORATED MEMORANDUM OF LAW**

COMES NOW, the Defendant, MAR-A-LAGO CLUB, LLC, ("Mar-A-Lago") and pursuant

to Fed. R. Civ. P. 26(c) moves for a Protective Order ruling that certain depositions, which were

unilaterally scheduled by the Plaintiff's attorney, not be had until a mutually convenient time, date

and location can be agreed upon, and further moves for an extension of time within which to

complete discovery, and as grounds therefore states as follows:

    1.       This an action brought pursuant to the Fair Labor Standards Act ("FLSA") seeking

overtime wages.  The Defendant contends that the Plaintiff was an executive employee as defined by the FLSA and Code of Federal Regulations, and as a result, the Plaintiff was exempt from the FLSA.

      2.      This case is scheduled for a two-week trial docket to begin May 26, 2008.  Pursuant to the Order of this Court, discovery is cut off on March 3, 2008.

      3.      Counsel for the Plaintiff has unilaterally scheduled the following depositions:

          A.      Jannine Gill  - set for February 22, 2008 at 10:00 a.m.

          B:      Berni Griggs - set for February 22, 2008 at 1:00 p.m.

These witnesses are employees of Mar-A-Lago.

      4.      The Plaintiff's attorney never tried, as per the Federal Rules of Civil Procedure and or Local Rules of Civil Procedure, in a good faith manner, to work out in a mutually agreeable fashion, deposition dates for the forgoing witnesses.

      5.      Upon receiving notice of these unilaterally scheduled depositions, counsel for the Defendant contacted counsel for the Plaintiff by telephone to advise that the attorney who had primary responsibility for defending this matter was leaving the Sellars, Marion & Bachi, P.A. law firm effective February 15, 2008.  As a result of his departure, another attorney with Sellars, Marion & Bachi, P.A. will be assuming responsibility for this case.

      6.      The defense attorney who will be primarily responsible for this case after February 15, 2008, will be unavailable for the depositions as unilaterally set by the Plaintiff and no other attorney is available to cover the depositions.  This information was communicated to counsel for the Plaintiff to no avail.  Counsel for the Plaintiff was unyielding in his scheduling due to the March 3, 2008 deadline imposed for discovery cut-off.

      7.      As a result of the departure of the attorney primarily responsible for representing the

Defendant, it

is requested that this Court grant an enlargement of time within which to complete discovery such

that the above depositions maybe rescheduled.  Additionally, the Defendant wishes to serve the

attached interrogatories upon the Plaintiff and seeks and order extending discovery such that they

may be responded to prior to the discovery cut-off.

8.      The Defendant requests that this Court require the parties to confer as to a

mutually agreeable time, date and location for discovery.

### MEMORANDUM OF LAW

9.      This Court has the discretion to enter a Protective Order pursuant to Fed. R. Civ. P.

26(c).

10.     A Trial Court's exercise of discretion regarding the progression of discovery will

not be disturbed, absent and abusive discretion.  *Lombard's, Inc. v. Prince Mfg., Inc.*, 753 F. 2d 974

(11th Cir. 1985); citing *Commercial Union Ins. Co. v. West Rope*, 730 F.2d 729, 731 (11th Cir. 1984);

*Wood v. McEwen*, 644 F.2d 797, 801-02 (9th Cir. 1981), *Cert. Denied.* 455 U.S. 942, 102 S. Ct. 1437,

71 L. Ed. 2d 654 (1982); *Chrystler Corp. v. Fedders, Corp.*, 643 F.2d 1229, 1240 (6th Cir.), *Cert.

Denied*, 454 U.S. 843, 102 S. Ct. 388, 70 L. Ed. 2d 207 (1981); *B.R.S. Land Investors v. United

States*, 596 F. 2d 353, 356 (9th Cir. 1979).

11.     Counsel for the Defendant has made a good faith effort to resolve these issues with

counsel for the Plaintiff prior to the filing of this motion in accordance with Local Rule 7.3.

WHEREFORE, Defendant, MAR-A-LAGO, LLC, respectfully requests that this Honorable

Court enter a Protective Order pursuant to Fed. R. Civ. P. 26(c) regarding the depositions which have

been unilaterally scheduled by the Plaintiff and that they not be had as they are presently scheduled,

and granting an extension of time within which to complete discovery, and granting such other relief

that this Court deems just and proper under the circumstances.

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail and via electronic filing through the CM/ECF filing systems to Alan M. Aronson, Esq., Rosenthal & Levy, P.A., 1645 Palm Beach Lakes Blvd. Suite #350, West Palm Beach, FL  33401 on this 14th day of February, 2008.

SELLARS, MARION & BACHI, P.A.
Attorneys for Defendant,
811 North Olive Avenue
West Palm Beach, FL  33401
Telephone:  (561) 655-8111
Facsimile:  (561) 655-4994


BY: /s/ Steven J. Clarfield
STEVEN J. CLARFIELD
Florida Bar No.:  0892610