## SETTLEMENT AGREEMENT AND RELEASE

This is an agreement to resolve all disputes between GUY DORCINVIL (hereinafter Plaintiff) and MAR-A-LAGO CLUB, LLC, L.C., MAR-A-LAGO CLUB, LLC, THE TRUMP ORGANIZATION, INC. and TRUMP ORGANIZATION LLC (hereinafter Defendant):

**WHEREAS,** Plaintiff filed lawsuit alleging causes of action against Defendant under the Fair Labor Standards Act for alleged unpaid overtime compensation;

**WHEREAS,** Defendant has denied all claims in the lawsuit; and

**WHEREAS,** the Defendant and Plaintiff desire to enter into this settlement agreement to avoid further litigation, and agree as follows;

1. All the foregoing recitals are true and correct and are incorporated as part of these terms and conditions.

2. In consideration of the receipt of the total sum of Seven Thousand Five Hundred ($7,500.00) Dollars, Plaintiff agrees he is accepting Seven Thousand Five Hundred ($7,500.00) Dollars in full payment and satisfaction of any and all claims, causes of action, suits, debts, attorneys' fees, costs, accounting or administrative proceedings Plaintiff currently has or may have against Defendant, its joint ventures, parent corporations, subsidiaries, business entities related through ownership or operation, officers, directors, employees, representatives, agents, stockholders or predecessors, successors or assigns of any of the above in their official and/or personal capacity (hereinafter Releasees) for all claims, actions and causes of action whether judicial and/or administrative which he may have known or may thereafter discover, arising out of the course of his alleged employment or related thereto and/or cessation of his alleged employment with Defendant and/or Releasees, or related thereto. Plaintiff specifically waives any claims for hours worked,

overtime, benefits, damages, compensation, liquidated or punitive damages, interest, attorneys' fees or costs or any other claims he may have against Defendant and Releasees. Plaintiff waives any right to future employment with Defendant and/or Releasees. Plaintiff further agrees and acknowledges that the monies paid by Defendant under this Agreement are fair and reasonable.

3. The Seven Thousand Five Hundred ($7,500.00) Dollar settlement sum represents ($3,325.00) in unpaid overtime, liquidated damages, and ($4,175.00) in attorneys' fees and costs. Plaintiff represents that the amount recovered in attorneys' fees and costs represents the total of Plaintiff's indebtedness to the firm.

4. Plaintiff and his attorney agree that Plaintiff will be solely responsible for the tax consequences resulting from the settlement payment, if the Internal Revenue Service subsequently challenges the tax treatment of this payment, except for any portion of payroll taxes which are normally contributed by the employer. Plaintiff further agrees to indemnify and hold harmless Defendant and Releasees for any amounts that may be assessed, levied or otherwise charged against Defendant and/or Releasees by any taxing or governmental authority on account of Defendant's and/or Releasees' non-withholding of any taxes owed by Plaintiff. Plaintiff's attorney agrees to furnish his tax identifying number in writing to Defendant's/Releasees' attorney before Defendant issues the settlement check, so that a 1099 can be filed by Defendant for the payment.

5. This Settlement Agreement is contingent on approval by the United States District Court for the Southern District of Florida (hereinafter 'the Court'). If the Court does not specifically in an Order state that it is approving this Settlement Agreement and settlement hereunder of the lawsuit as per Lynn's Food Store, 679 F.2d 1350 (11th Cir, 1982), and dismiss this lawsuit with prejudice, this document is not effective in any respect as a settlement, the release and waiver is null and void, and all payments made under this Agreement will be immediately returned to

Defendants/Releasees.

The sum of $3,325.00 shall be paid to Plaintiff, Guy Dorcinvil, and the sum of $4,175.00 in attorney's fees and costs shall be paid to Rosenthal, Levy & Simon, P.A., within ten (10) days of execution of Formal Settlement documents. The settlement funds shall be held by Rosenthal, Levy & Simon, P.A. until the expiration of any revocation period or the Settlement Agreement is filed with the Court and the parties receive the Courts order approving this settlement agreement as per Lynn's Food Store, 679 F.2d 1350 (11th Cir. 1982), whichever occurs later.

6. Neither this Agreement nor anything contained herein shall constitute or is to be construed as an admission by Plaintiff or Defendant or as evidence of any liability, wrongdoing, violation of any law, or unlawful conduct. The parties are settling in order to avoid additional cost of litigation.

7. Plaintiff agrees that he will not persuade, encourage, support or convince others to raise claims against Defendant or Releasees. Plaintiff also agrees not to testify or otherwise participate in any legal proceedings brought by others against Defendant or Releasees, including any case in a court of law or before an administrative agency or arbitration panel unless compelled to do so by subpoena or court order, and only after reasonable prior notice to Defendant and/or Releasees.

8. In return for the consideration contained herein, the Plaintiff releases Defendant and Releasees from any and all claims made, to be made, or which might have been made of whatever nature since the beginning of time, including those that arose as a consequence of Plaintiff's alleged employment with Defendant and/or Releasees, or arising out of the termination of the alleged employment relationship, or arising out of any acts committed or omitted during or after the existence of the alleged employment relationship, and up through and including the date hereof, including, but not limited to, those claims which were, could have been, or could be the subject of

an administrative or judicial proceeding filed by the Plaintiff or on behalf of Plaintiff under any federal, state or local law or regulation, including but not limited to, actions at common law or equity, in contract or tort, and including but not limited to, claims for overtime, back pay, wages, fringe benefits, any form of discrimination (including but not limited to, claims of race, color, sex, handicap/disability, religion, national origin, marital status, sexual orientation or preference, or age discrimination), claims under the Age Discrimination In Employment Act (ADEA), Older Workers Benefit Protection Act, claims under the Florida Human Rights Act of 1977 as amended, Chapter 448 Florida Statutes as amended, claims under Titles 29 and 42 of the United States Code, Title VII of the Civil Rights Act of 1964, as amended, the Employee Retirement income Security Act of 1974, as amended. the Civil Rights Act of 1991 the Americans With Disabilities Act of 1990, the Occupational Safety and Health Act, the Civil Rights Act of 1866, the Fair Labor Standards Act of 1938, as amended, the Rehabilitation Act of 1973, as amended, as well as, but not limited to and all claims for emotional distress, negligence, interference with contract, pain and suffering, compensatory or punitive damages, costs, interests, attorneys' fees and expenses, reinstatement or re-employment. Plaintiff represents and warrants that he has not assigned to any third party any claim, right or cause of action that he has or purports to have against the Defendant and/or Releasees, or any of the entities released herein.

9. It is acknowledged and understood by Plaintiff that an essential element of this settlement is that it be and remain confidential. Therefore, Plaintiff agrees that should it be learned and established that Plaintiff, his attorneys or either of their agents, representatives or employees have caused or otherwise allowed the fact that this settlement was reached or otherwise permit any of the terms of this settlement to be disclosed to a third party or third parties, as a penalty, Plaintiff shall be obligated to return his entire Three Thousand Three Hundred Twenty-Five ($3,325.00)

Dollar portion of the settlement to Defendant/Releasees. If Plaintiff does not have the money to immediately make such payment in the event of such a breach of this covenant, Plaintiff agrees he will immediately execute a Consent Judgment against him and in favor of Defendant/Releasees in the amount of Three Thousand Three Hundred Twenty Five ($3,325.00) Dollars.

10. Nothing contained in this Agreement shall be construed to require the commission of any act contrary to law or to be contrary to law, and wherever there is any conflict between any provision of this Agreement and any present or future statute, law, governmental regulation or ordinance contrary to which the parties have no legal right to contract, the latter shall prevail, but in such event, the provisions of this Agreement affected shall be curtailed and restricted only to the extent necessary to bring them within legal requirements.

11. If any provision of this Agreement is invalidated by a Court of competent Jurisdiction, then all of the remaining provisions of this Agreement shall remain in full force and effect, provided that both parties may still effectively realize the complete benefit of the promises and considerations conferred hereby.

12. This Agreement constitutes the entire agreement between Defendant and Releasees and Plaintiff with respect to the matter set forth herein, and supersedes in its entirety any and all agreements or communications, whether written or oral, previously made in connection with the matter herein, Any agreement to amend or modify the terms and conditions of this Agreement must be made in writing and executed by the parties hereto.

13. This Agreement shall be governed by and construed in accordance with the Laws of the State of Florida.

14. Plaintiff represents and certifies that he has carefully read and studied this Settlement Agreement and Release and fully understands all the provisions and effects of this

Settlement Agreement and Release. Plaintiff acknowledges that he has had the opportunity to consult with and discuss this Settlement Agreement and Release with his attorney, prior to the execution of this Settlement Agreement and Release. Plaintiff represents that he is entering into this Settlement Agreement and Release freely and voluntarily and that neither Defendant nor Releases have made any representations concerning the terms and effects of this Settlement Agreement and Release, other than those contained herein. Plaintiff further represents that he believes the settlement amount to be paid to him to be fair and reasonable.

IN WITNESS WHEREOF, each party to this Agreement has caused it to be executed knowingly and voluntarily, and without undue influence, overreaching, collusion, or intimidation by any of the parties to this Agreement.

Date: 4/7/08

GUY DORZINVIL

Date: 4/7/08

ALAN M. ARONSON
Attorney for Plaintiff

Date: 4/7/08

JOHN B. MARION, IV
Attorney for MAR-A-LAGO CLUB, L.L.C., L.C.

Date: 4/7/08

JOHN B. MARION, IV
Attorney in Fact for MAR-A-LAGO CLUB, L.L.C., L.C.