UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 07-80922-CIV-MIDDLEBROOKS/JOHNSON

GUY DORCINVIL, and all similarly
situated individuals,

    Plaintiff,

vs.

MAR-A-LAGO CLUB, et al.,

    Defendants.

_____/

**CLOSED CIVIL CASE**

## ORDER

THIS CAUSE comes before the Court upon the parties' Joint Motion for Approval of Settlement Agreement (DE 43), filed on April 7, 2008, and the attached Settlement Agreement. The Court has reviewed the Motion, the Settlement Agreement, and the file in this case.

Plaintiff filed this action to recover unpaid overtime compensation pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). The parties now advise the Court that they have settled all claims in this action, and move for approval of their agreement and dismissal of all claims with prejudice.

When a private action is brought under the FLSA and subsequently settled, "the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *See Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1353 (11th Cir. 1982)(internal citations omitted). In scrutinizing the settlement for fairness, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1355. While the

1

provisions of the Act are mandatory, this Circuit has recognized that there may be bona fide disputes as to FLSA coverage and therefore a district court may approve a settlement to "promote the policy of encouraging settlement of litigation." *Id.* at 1354. Where, as here, the settlement agreement was entered into in an adversarial context where both sides were represented by counsel throughout the litigation, it is "more likely to reflect a reasonable compromise over issues[.]" *Id.* at 1354.

Upon a review of the parties' Settlement Agreement, the Court finds that the settlement is fair and a reasonable resolution of the dispute.

Accordingly, it is hereby

ORDERED AND ADJUDGED that the Joint Motion for Approval of Settlement Agreement (DE 43) is APPROVED. This case is DISMISSED WITH PREJUDICE. The Court retains jurisdiction for the limited purpose of enforcing the Settlement Agreement, if necessary. The Clerk of Court shall CLOSE this case. All pending motions are DENIED AS MOOT.

DONE AND ORDERED in Chambers at West Palm Beach, Florida, this ___ day of April, 2008.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to counsel of record